IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES CHAVIS-TUCKER,

      Petitioner,

    v.                                  CASE NO. 2:06-cv-1064
                                        JUDGE SMITH
STUART HUDSON, Warden,         MAGISTRATE JUDGE KING

      Respondent.

**OPINION AND ORDER**

On October 25, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED** and this action hereby is **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

The Magistrate Judge recommended dismissal of the petition, filed more than eight years after the statute of limitations expired, as untimely and, alternatively, recommended dismissal of petitioner's claims on the merits. In his objections, petitioner again raises all of the same arguments that he previously presented. Petitioner contends that his habeas corpus petition is timely because the state appellate court improperly characterized as untimely petitioner's post conviction petition (which was pending from March 3, 1997, until August 15, 2005). Petitioner also again asserts that he is actually innocent of the murder for which he stands convicted. Petitioner also argues that the

Magistrate Judge misconstrued claims three, four, and five,[1] as raising merely state law procedural issues when in fact he intended these claims to raise issues of ineffective assistance of trial counsel based upon his attorney's failure to call defense witnesses. *Objections*, at 16. Although this claim appears to be procedurally defaulted in view of the state appellate court's refusal to consider the merits of the claim as untimely filed in the post conviction petition, *see State v. Chavis-Tucker*, 2006 WL 1681450 (Ohio App. 10 Dist. June 20, 2006); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1086), petitioner also argues that his claim of actual innocence justifies consideration of the merits of his claim of ineffective assistance of trial counsel. *See id.* Finally, petitioner asserts that an evidentiary hearing is required in order to determine whether he has established a gateway actual

---

[1] Claims three, four and five read as follows:

Constitutional Error III:

The trial court erred when it dismissed petitioner's motion for post conviction relief without an evidentiary hearing after petitioner showed a prima facie showing of ineffective assistance of counsel using operative facts dehors the record in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution.

Constitutional Error IV:

The Court of Appeals violated petitioner's due process rights to a full and fair appellate review when they dismissed his petition as untimely by using a[n] unreasonable determination of the facts in violation of his Fifth and Fourteenth Amendment rights under the United States Constitution.

Constitutional Error V:

The Court of Appeals erred and violated petitioner's due process rights when dismissing petitioner's case on procedural grounds after he showed a colorable claim of actual innocence in violation of his 8th and 14th Amendment constitutional rights.

*Memorandum in Support of Petition*, at pp. 18, 24, 25, Doc. No. 2.

innocence claim. *Objections,* at 12.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*. For the reasons discussed by the Magistrate Judge, this Court is not persuaded that the state appellate court's decision denying petitioner's post conviction petition as untimely is erroneous; that being so, the pendency of the post conviction petition does not serve to equitably toll the statute of limitations during the approximate eight year period that it was pending. *See* 28 U.S.C. 2244(d)(2). Further, while pleadings of *pro se* litigants must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991),

> "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf."

*Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), citing *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir.2001).

The Court notes that petitioner argued at length, in his *Memorandum in Support of Petition*, that the trial court improperly failed to conduct an evidentiary hearing on his ineffective assistance of trial counsel claim in post conviction proceedings, which should have been considered timely filed. *Memorandum in Support of Petition,* at 20-23. Still, even liberally construing the petition as raising a claim of ineffective assistance of counsel, for the reasons detailed at length in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner has failed to present evidence of innocence sufficient to justify either equitable tolling of the statute of limitations or consideration of any underlying procedurally defaulted claims. Additionally, after careful review of the entire record, and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is simply not persuaded that an evidentiary hearing is required to reach

3

such conclusion.

For all the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation,* petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action hereby is **DISMISSED.**

**IT IS SO ORDERED.**

                                                      s/ George C. Smith
                                                      GEORGE C. SMITH
                                                     United States District Judge